IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY SMITH,                )
                              )
        Plaintiff,             )   Civil Action No. 07-1440
                              )
        v.                     )
                              )   Magistrate Judge Caiazza
TERRENCE F. McVERRY, Judge,   )
                              )
        Defendant.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

### II. REPORT

The Plaintiff, Anthony Smith ("Smith" or "the Plaintiff"), a state prisoner housed in the Luzerne County Correctional Facility, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Smith alleges that United States District Judge Terrence McVerry "denied [a] motion for property return" which he filed. (Doc. 5)

#### A. Applicable law.

This Court is required to review Smith's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to review prisoner

complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, actions in which litigants are permitted to proceed in *forma pauperis* must be reviewed pursuant to Section 1915(e) of the PLRA. The court is directed to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Smith is considered a "prisoner" as that term is defined under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). The Defendant is a federal judge. The Plaintiff also seeks permission to proceed in *forma pauperis.* (Doc. 1). Thus, Smith's allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A and 1915(e).

In reviewing complaints under 28 U.S.C. §§ 1915A and 1915(e), a federal court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under

28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

B. **Analysis**

Smith seeks to sue a federal judge for actions taken in the course of federal litigation. Judge McVerry enjoys absolute judicial immunity from a §1983 action. See Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

This action should be dismissed.

### III CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 3, 2007.

November 16, 2007      _____
                       Francis X. Caiazza
                       United States Magistrate Judge

cc:
ANTHONY SMITH
07-09-107
Luzerne Couty Correctional Facility
99 Water Street
Wilkes-Barre, PA 18702